POTKA et al. v. CARTER.    (No. 5472.)

(Court of Civil Appeals of Texas. Austin. April 7, 1915.)

1. TRESPASS TO TRY TITLE ☞46 — SPECIAL VERDICT—CONFLICTING FINDINGS.

In trespass to try title against a tenant, where the landlord dispossessed the tenant on writ of sequestration, and the jury found that the tenant had abandoned his rent contract before the writ issued, and that the facts stated in the affidavit for the writ were true, but also found that the landlord had breached the rental contract, the findings were necessarily conflicting, and do not support a judgment for the tenant for damages caused by his dispossession under the writ of sequestration.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 68; Dec. Dig. ☞46.]

2. APPEAL AND ERROR ☞1073 — HARMLESS ERROR—JUDGMENT—TIME OF TAKING EFFECT.

Plaintiff, in trespass to try title, cannot complain that the judgment awarding him possession was declared to be effective from the termination of his rental contract with defendant, which was seven months before the judgment was rendered, and not to become effective from the time of dispossession under sequestration prior to that time, since he could not be harmed thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. ☞ 1073.]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Trespass to try title by N. Potka against Ed Carter, in which plaintiff secured possession of the property by writ of sequestration. From a judgment awarding possession of the premises to plaintiff, but giving damages to defendant for dispossession under the writ of sequestration, plaintiff, together with the sureties on his sequestration bond, appeal. Affirmed in part, and in part reversed and remanded.

Spivey, Bartlett & Carter, of Marlin, for appellants. E. W. Bounds, of Marlin, for appellee.

KEY, C. J. Appellant N. Potka sued appellee in the usual form of trespass to try title and for possession of a small plot of ground and a house situated thereon, and sued out a writ of sequestration, under which an officer dispossessed appellee.

Appellee filed a replevy bond, which was approved by the proper officer; but he claimed that appellant prevented him from regaining possession of the house under his replevy bond. He also filed a general denial, a plea of not guilty, and cross-action seeking to recover damages, and alleging, in substance, that he rented from appellant the house referred to, together with about 37 acres of land, which he was to cultivate for the year 1913. He alleged that, as a result of appellant's suing out the writ of sequestration and by other means preventing him from occupying, using, and cultivating the land, he had sustained certain specified damages. He also alleged that the grounds upon which the writ of sequestration issued were false, and that appellant acted maliciously and wantonly in suing out that writ, and on that account he claimed damages, both actual and punitory.

The case was tried in July, 1914, and after the jury had returned a verdict answering certain special issues, judgment was rendered for appellant for title and possession of the premises sued for, that part of the judgment to take effect on the 1st day of January, 1914, at the expiration of the rental contract between the parties. Judgment was also rendered upon appellee's cross-action against appellant N. Potka and the sureties on his sequestration bond, for $133.55, and the costs of suit were taxed against appellant Potka. Being dissatisfied with that judgment, Potka and the sureties on his se-

questration bond have prosecuted this appeal.

[1] Without discussing the assignments of error in detail, we hold that the court committed what was perhaps fundamental error when it rendered any judgment for appellee upon his cross-action, because that judgment is without support in the findings of fact. In response to the first special issue the jury found that prior to the time appellant sued out the writ of sequestration appellee Carter had already abandoned and given up his rent contract for the year 1913; and in response to the second issue the jury found that the facts stated in the affidavit upon which the writ of sequestration was issued were true, thereby finding, in effect, that the writ of sequestration was legally issued. Now, if the writ of sequestration was legally issued and executed, appellee was no longer entitled to possession of the house, nor to the use of the land, and therefore he was not entitled to recover any damages upon that score. But it is contended on behalf of appellee that the jury found that appellant had breached the rent contract in the manner alleged in appellee's answer, and in response to the fourth special issue it seems the jury did so find, and, inasmuch as that finding is necessarily in conflict with the previous findings to the effect that appellee, prior to the issuance of the writ of sequestration, had, in effect, breached the contract, and also found in response to the second issue that the writ of sequestration was legally sued out, we hold that the verdict does not support the judgment for appellee for damages, notwithstanding the fact that the jury found that he had sustained a certain amount of damages. The findings referred to nullified each other, and left the court without sufficient findings upon which to base a judgment awarding damages.

[2] In concluding this opinion we cannot refrain from expressing surprise at a portion of appellant's first assignment of error, which asserts that the judgment "is erroneous with respect to the title and possession of the premises in controversy, wherein it decrees that same shall not take effect until January 1, 1914; but it should have been that plaintiff recovered the title and possession of the premises in controversy, and that he recover of defendant his costs." Now, the judgment was rendered in July, 1914, and, instead of decreeing that it should not take effect until some future date, it declares that it shall take effect on the 1st day of January, 1914. So it seems that, instead of the judgment's postponing the plaintiff's right of recovery of possession of the land, it operates retroactively, which could not be harmful to appellant. So our conclusion is that so much of the judgment as awards to appellant title and possession of the prem-

ises sued for should be affirmed, and that the judgment as to the issues presented in appellee's cross-action should be reversed, and the cause remanded.

Affirmed in part, and in part reversed and remanded.